Mark W. Boczar, Esq.
LIFE LEGAL SERVICES, LLC
Attorney ID # 325568
3390 Chichester Ave #1961
Boothwyn, PA 19061
Tel.: (484) 925-1123
Fax: (484) 214-0094
Email: mark@lifelegalservices.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATRINA FUHRER, on her own behalf and on behalf of her minor children, G.F. and E.F.** : | |
| : | |
| **Plaintiffs,** : | **Case No. 2:21-cv-05040** |
| : | |
| **v.** : | |
| : | |
| **THE HARTFORD LIFE & ACCIDENT INSURANCE COMPANY** : | |
| : | |
| **Defendant.** : | |

## COMPLAINT

AND NOW COMES the Plaintiffs, KATRINA FUHRER, G.F., and E.F., ("Plaintiffs"), by and through the undersigned attorney, for their Complaint against Defendant, THE HARTFORD LIFE & ACCIDENT INSURANCE COMPANY, and allege as follows:

## PARTIES

1.      Plaintiff Katrina Fuhrer is a resident & citizen of Potter County, in the Commonwealth of Pennsylvania and in all respect *sui juris*. Katrina Fuhrer is the natural parent of minor Plaintiffs G.F. and E.F.

2.      Defendant, The Hartford Life and Accident Insurance Company ("Defendant"), is a Connecticut insurance corporation authorized to transact business in the Commonwealth of Pennsylvania and is authorized and required to determine claims for benefits under the Plan.

## JURISDICTION AND VENUE

3.      This is an action for relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001 *et seq.*, and more particularly 29 U.S.C. §1132(a)(1)(B) thereof. This Court has jurisdiction under 29 U.S.C. §1132(e), which grants to the federal court original jurisdiction to determine claims under 29 U.S.C. §§1001 *et seq.* Plaintiffs bring this action to recover Accidental Death & Dismemberment ("AD&D") benefits due to them under the terms of an employee welfare benefit plan, to enforce their rights under the plan, and to clarify their rights to benefits under the terms of the plan.

4.      Venue is proper in this District under 29 U.S.C. § 1132(e)(2), in that Defendant is authorized to and is doing business within the Eastern District of Pennsylvania and "may be found" in the Eastern District of Pennsylvania.

## FACTUAL ALLEGATIONS

5.      This case arises out of the purposeful, unwarranted, and unlawful denial of AD&D benefits to Plaintiffs by Defendant.

6.      Plaintiffs are the beneficiaries of certain accidental death and dismemberment ("AD&D") insurance benefits through the plans, funds, programs of arrangements described herein.

7.      Travis Fuhrer ("Decedent") was an employee of Siemens Corporation ("Siemens" or "Employer") and was the husband of Katrina Fuhrer and the natural father of G.F. and E.F.

8.      As an employee of Siemens, Decedent was, at all times material, a plan participant under the Siemens Corporation Employee Welfare Benefit Plan, Hartford Group Policy ADD-S07545 (the "AD&D Plan") which was issued to Siemens by Defendant and pursuant to which Plaintiffs are entitled to benefits. A copy of what purports to be the AD&D Plan is attached hereto as **Exhibit A**.

9.      The AD&D Plan is a welfare benefit plan established under ERISA to provide AD&D insurance benefits to those participants who satisfy the terms and conditions of the AD&D Plan to receive such benefits.

10.      The Employer is the Plan Sponsor and Plan Administrator of the AD&D Plan providing AD&D insurance benefits.

11.      Defendant is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the AD&D Plan.

12.      As the decision maker and payor of plan benefits, Defendant administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, Defendant is not entitled to a deferential standard of review.

13.      On April 6, 2019, the Decedent died due to freshwater drowning, accidental fall into deep farm pond during darkness.

14.      According to the Commonwealth of Pennsylvania's Certified Death Certificate, the immediate cause of death was fresh water drowning due to accidental

fall into deep farm pond during darkness.  The manner of death was "accident." A copy of the Certified Death Certificate is attached hereto as **Exhibit B**.

15.     Similarly, according to the County of Potter Coroner, Kevin J. Dusenbury, the death was ruled "accidental due to drowning." A copy of the Potter County Coroner's Report is attached hereto as **Exhibit C**.

16.     According to an internal claim note describing a call between Defendant and Ken Wingo, Coroner, dated May 6, 2019, the Coroner states that the Decedent "was walking up a road and went off the dark road, was in a state park that is known in National Geographic as the darkest spot in the East of Rocky Mountains. [Decedent] was there on the darkest night of the year[.]" A copy of the May 6, 2019 Claim Note is attached hereto as **Exhibit D**.

17.     Pursuant to the terms and conditions of the AD&D Plan, Plaintiffs are entitled to AD&D benefits payable due to the accidental death of the Decedent.

18.     According to the AD&D Plan, a death benefit is payable if an individual: "*sustain[s] an injury that results in loss of life within 365 days of the date of accident[.]*" **Exhibit A.**

19.     The AD&D Plan defines "Injury" as: "*. . . bodily harm resulting: 1) directly from an accident; and 2) independently of all other causes; which occurs while You or Your dependents are covered under The Policy.*" **Exhibit A.**

20.     The AD&D Plan contains a list of exclusions, to which Defendant bears the burden of proof, which provide: "*The Policy does not cover any loss caused or contributed to by: . . . 10) Injury sustained while Intoxicated.*" **Exhibit A.**

21.     The AD&D Plan defines Intoxicated as: "*1) the blood alcohol content; 2) the results of other means of testing blood alcohol level; or 3) the results of other means of testing other substances; that meet or exceed the legal presumption of intoxication, or under the influence, under the law of the state where the accident occurred.*" **Exhibit A**.

22.     Plaintiffs became eligible to receive benefits under the AD&D Plan following Decedent's death on April 6, 2019.

23.     On or about April 23, 2019, Plaintiffs submitted a claim to Defendant under the AD&D Plan for death benefits.

24.     On or about July 31, 2019, Defendant denied Plaintiffs' claim under the AD&D Plan for death benefits.

25.     Plaintiffs properly and timely appealed Defendant's adverse claim determination.

26.     Defendant upheld its adverse benefit determination and informed Plaintiffs that no further appeal would be considered.

27.     With respect to the claims made herein, the Plaintiffs have exhausted all administrative remedies and/or exhaustion has been excused or is waived.

28.     From April 6, 2019 to present date, Plaintiffs have not received benefits owed to them under the AD&D Plan, despite Plaintiffs' right to these benefits.

29.     Defendant has refused to pay Plaintiffs' AD&D benefits since April 6, 2019.

30.     At all relevant times, Defendant was the payor of benefits.

31.     At all relevant times, Defendant was the "Insurance Company" identified throughout the AD&D Plan.

32.     At all relevant times, Defendant was the Plan Administrator and named fiduciary for deciding claims for benefits under the AD&D Plan, and for deciding any appeals of denied claims.

33.     At all relevant times, Plaintiffs have been and remain the properly designated beneficiaries entitled to AD&D benefits from Defendant under the terms of the AD&D Plan.

34.     Plaintiffs have been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**COUNT I**
**(Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))**

35.     Paragraphs 1 through 34 of Plaintiffs' Complaint are hereby incorporated by reference as though the same were fully set forth at length herein.

36.     This is a claim to recover benefits, enforce rights, and clarify rights under 29 U.S.C. §1132(a)(1)(B).

37.     Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiffs, as the properly designated beneficiaries under the AD&D Plan, are entitled to sue for judicial determination and enforcement of benefits.

38.     Plaintiffs have no other adequate remedy at law to address the injuries they have suffered and will continue to suffer as a result of Defendant's failure to pay their AD&D benefits.

39.     Plaintiffs have exhausted all administrative remedies under the AD&D Plan.

40.     Defendant breached the AD&D Plan and violated ERISA in the following respects:

(a) Failing to pay AD&D benefits to Plaintiffs at a time when Defendant knew, or should have known, that Plaintiffs were entitled to those benefits under the terms of the AD&D Plan, as Decedent died solely as the result of an accident and Plaintiffs were the properly designated beneficiaries under the AD&D Plan;

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the AD&D Plan documents, in relation to the applicable facts and AD&D Plan provisions, for the termination of Plaintiffs claim for AD&D benefits;

(c) After Plaintiffs' claim was terminated in whole or in part, Defendant failed to adequately describe to Plaintiffs any additional material or information necessary for Plaintiffs to perfect their claim along with an explanation of why such material is or was necessary; and

(d) Defendant failed to properly and adequately investigate the merits of Plaintiffs' AD&D claim and failed to provide a full and fair review of Plaintiffs' claim.

41.     Plaintiffs believe and thereon allege that Defendant wrongfully terminated their claim for benefits under the AD&D Plan by other acts or omissions of which

Plaintiffs are presently unaware, but which may be discovered in this future litigation and which Plaintiffs will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiffs.

42.     Following the termination of benefits under the AD&D Plan, Plaintiffs exhausted all administrative remedies required under ERISA, and Plaintiffs have performed all duties and obligations on their part to be performed under the AD&D Plan.

43.     As a proximate result of the aforementioned wrongful conduct of Defendant, Plaintiffs have sustained damages for the loss of AD&D benefits in a total sum to be shown at the time of trial.

44.     As a further direct and proximate result of this improper determination regarding Plaintiffs' claim for AD&D benefits, Plaintiffs, in pursuing this action, have been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. §1132(g)(1), Plaintiffs are entitled to have such fees and costs paid by Defendant.

45.     The wrongful conduct of Defendant has created uncertainty where none should exist, therefore, Plaintiffs are entitled to enforce their rights under the terms of the AD&D Plan and to clarify their rights to benefits under the terms of the AD&D Plan.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiffs pray for relief from Defendant, Hartford, as follows:

1. Payment of AD&D benefits due to Plaintiffs;

2. In the alternative to the relief sought in paragraph 1, an order remanding Plaintiffs' claim to the claims administrator to the extent any new facts or submissions are to be considered;

3. Pursuant to 29 U.S.C. §1132(g)(1), payment of all costs and attorneys' fees incurred in pursuing this action;

4. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

5. Such other and further relief as this Court deems just and proper.

Date: November 15, 2021

Respectfully Submitted,

s/ Mark W. Boczar

Mark W. Boczar, Esq.
LIFE LEGAL SERVICES, LLC
Attorney ID # 325568
3390 Chichester Ave #1961
Boothwyn, PA 19061
Tel.: (484) 925-1123
Fax: (484) 214-0094

*Attorney for Plaintiffs*

## VERIFICATION

I, Katrina Fuhrer, am the Plaintiff in the present case, have read the foregoing

Complaint and know its contents. I verify that the statements made in the foregoing

Complaint are true and correct to the best of my knowledge, information, and belief.

Date: 11-2-21

Plaintiff, Katrina Fuhrer