IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATRINA FUHRER,**  *Plaintiff,*  v.  **THE HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,**  *Defendant.* | **Case No. 2:21-cv-05040-JDW** |

### MEMORANDUM

Mistakes happen. That's true in life, and it's true in the practice of law (to the extent that's not real life). And those mistakes can have consequences for the parties to litigation. At the same time, the Court has a preference that cases be decided on the merits. So the Court has to balance its desire to hold lawyers accountable with its goal to give litigants a substantive day in court. In this case, that balance favors vacating the judgment that the Court entered and giving Katrina Fuhrer a chance to make her case on the merits, rather than to lose on the basis of her counsel's inadvertent mistake.

### I.    BACKGROUND

On November 16, 2021, Ms. Fuhrer filed a complaint to recover life insurance benefits pursuant to Section 1132 of ERISA. The Hartford Life & Accident Insurance Company answered. On January 31, 2022, Hartford filed a Motion For Judgment On The

Pleadings. Pursuant to Local Rule 7.1(c), Ms. Fuhrer's response to Hartford's motion was due by February 14, 2022, but she did not respond or ask for an extension to do so. On February 24, 2022, the Court granted Hartford's motion as unopposed. On March 3, 2022, Ms. Fuhrer filed this Motion. Her counsel states that he "misdiaried the due date for the Motion." (ECF No. 10-2.) Ms. Fuhrer asks the Court to vacate the judgment against her pursuant to Federal Rule of Civil Procedure 60(b)(1).

**II.     LEGAL STANDARD**

Under Federal Rule of Civil Procedure 60(b)(1), on motion, courts may relieve a party from a final judgment for "inadvertence" or "excusable neglect." Fed. R. Civ. P. 60(b)(1). A party must make a motion under Rule 60(b)(1) no more than a year after the entry of judgment from which relief is sought. *See* Fed. R. Civ. P. 60(c)(1). The decision to vacate a default judgment is left to the sound discretion of the trial court. *See Mrs. Ressler's Food Prod. v. KZY Logistics LLC*, 675 F. App'x 136, 138 (3d Cir. 2017). The strong presumption in favor of resolving cases on the merits should guide courts in the exercise of that discretion.

The standard for "excusable neglect" is an equitable one. In the Third Circuit, courts apply a four-factor balancing standard when evaluating excusable neglect. *See Ragguette v. Premier Wines & Spirits*, 691 F.3d 315, 319 (3d Cir. 2012). The four factors include, "(1) the danger of prejudice to the non-movant; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was

within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* at 319 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993)). Given Rule 60(b)'s use of the term "neglect," it can apply in situations where negligence causes a failure to comply with a filing deadline. *See Pioneer Inv. Servs. Co.* at 394.

## III.    DISCUSSION

The factors that the Court must weigh, coupled with the general presumption in favor of resolving cases on their merits, weigh in Ms. Fuhrer's favor.

### A.    Granting The Motion Would Not Prejudice Hartford

A non-movant suffers prejudice if the passage of time hinders its ability to support its position, such as from the "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 52 (3d Cir. 2003). As noted, Ms. Fuhrer moved for relief within one week of the Court's dismissal. Hartford does not point to any prejudice that will come from granting the motion, other than the fact that it will be back in the place where it was when the Court dismissed the case. Hartford suggests that it might have to "respond to a meritless opposition" to its motion for judgment on the pleadings, but (a) the Court has not decided whether the opposition has merit, and (b) that was true before the case was dismissed. The dismissal and reinstatement of the case will not cause that prejudice.

3

### B. Granting The Motion Would Not Impact Judicial Proceedings

Ms. Fuhrer filed her motion within five business days of the Court's dismissal. As Hartford concedes, this factor weighs in favor of granting Ms. Fuhrer's motion.

### C. Ms. Fuhrer's Delay Was Due To The Inadvertence Of Counsel

In the Third Circuit, counsel's "'inadvertence' in failing to respond to [a] Defendant['s] motion ... could be grounds for relief under Rule 60(b)(1)." *Williams v. City of Erie Police Dep't*, 639 F. App'x 895, 897–98 (3d Cir. 2016). Ms. Fuhrer provides "inadvertence and mistake of counsel" as the reasons for her delay, a tandem that amounts to her counsel's negligence. Although she does not provide any detail about the circumstances that led to counsel's error, the Court takes her counsel at his word that he made a mistake borne of inadvertence. The lack of detail means that the Court cannot weigh this factor heavily in Ms. Fuhrer's favor, but the Court concludes that it is neutral or tilts slightly in Ms. Fuhrer's favor.

### D. Ms. Fuhrer Acted In Good Faith

The Third Circuit has found good faith when a party acted with "reasonable haste to investigate [a] problem, and to take available steps towards a remedy," including in cases where a delay may have been due solely to negligence. *See Ethan Michael Inc. v. Union Twp.*, 392 F. App'x 906, 909 (3d Cir. 2010); *In re Cendant Corp. PRIDES Litig.*, 235 F.3d 176, 183 (3d Cir. 2000). The negligent nature of the error here, and the haste with which Ms. Fuhrer sought to remedy the problem, demonstrate her good faith. While

4

Hartford may be correct that the delay may demonstrate a lack of care, it provides no support for its contention that a lack of care equates to a lack of good faith.

## IV. CONCLUSION

The Court will grant Ms. Fuhrer's Motion and give her an opportunity to be heard on the merits. Had Ms. Fuhrer requested additional time to file her responsive brief, the Court would have allowed her 30 days to respond to Hartford's motion. Her brief would then have been due on March 2, 2022, which was six days after the Court granted Hartford's Motion. The Court will operate as though it gave Ms. Fuhrer that extension, and as though the Court's order granting the Motion tolled her time to respond. The Court will therefore give Ms. Fuhrer seven days (rounding up) to respond to Hartford's Motion, until April 7, 2022. Absent extraordinary circumstances, it will not extend that deadline.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

March 31, 2022