IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KATRINA FUHRER,**<br><br>*Plaintiff*,<br><br>v.<br><br>**THE HARTFORD LIFE & ACCIDENT INSURANCE COMPANY,**<br><br>*Defendant*. | **Case No. 2:21-cv-05040-JDW** |

### MEMORANDUM

Following her husband's death in 2019, Katrina Fuhrer hired a lawyer to pursue benefits from The Hartford Life & Accident Insurance Company, but for some reason, her lawyer did not pursue the remedies available under the ERISA benefit plan that Hartford administered. In 2021, Ms. Fuhrer, represented by new counsel, tried to fix that error. Unfortunately, the terms of the plan required a more timely effort to exhaust administrative remedies. Because Ms. Fuhrer did not comply with the relevant exhaustion requirements, and because nothing excused the exhaustion requirement, the Court will grant Hartford's Motion for judgment on the pleadings.

**I.      BACKGROUND**

    **A.      The Accident And The Policy**

On April 6, 2019, Travis Fuhrer fell into a pond and drowned. At the time of his death, Mr. Fuhrer was a Siemens Corporation employee and a plan participant under the Siemens Corporation Employee Welfare Benefit Plan, Hartford Group Policy ADD-

S07545 (the "AD&D Plan"). As the claims administrator, Hartford makes the "full and fair" final review of claims and insures the payment of benefits under the AD&D Plan.

Per the terms of the AD&D Plan, named beneficiaries must give Hartford "written, electronic, or telephonic notice of a claim within 30 days … after the date of death." (ECF No. 1-7 at 6.) Within 45 days of receiving a Notice of a Claim, Hartford has to send forms to the claimant to provide Proof of Loss, including diagnostic examinations and any information required to adjudicate the claim. In response, Hartford, "will make a decision no more than 90 days after the receipt of [a] properly filed claim." (*Id.* at 16.) These terms comply with 29 C.F.R. § 2560.503-1, which provides that the deadline for claims decisions is "90 days after receipt of the claim by the plan."

For any denied claim, the AD&D Plan provides that a claimant may appeal to Hartford for a full and fair review. To do so, the claimant must submit a written review request, and that request must be received by Hartford no later than 60 days from the date the claimant received her claim denial. Hartford will make a final decision no more than 60 days after it receives a timely appeal. A claimant must complete the claim appeal process before filing an action in court.

B.   **Administrative Record**

On April 23, 2019, Katrina Fuhrer submitted paperwork that notified Hartford of her claim under the AD&D Plan for death benefits. On May 6, 2019, the Potter County Coroner informed Hartford that he was still waiting on "autopsy/tox from the State" and he expected a "long wait." (ECF No. 1-9.) Three days later, Ms. Fuhrer called Hartford to communicate that she would send in a "copy of birth cert and soc sec cards." (ECF

No. 1-10.) On July 29, 2019, the Potter County Coroner faxed a Coroner's Report to Hartford. By letter dated July 31, 2019, Hartford denied Ms. Fuhrer's claim for death benefits under the AD&D Plan.

On August 13, 2019, through her then counsel Bruce Vickery, Ms. Fuhrer sent a written letter to Hartford. In the letter, Mr. Vickery asked that Hartford "provide … a full and complete copy of the accidental death and dismemberment policy at your earliest convenience," as well as "any and all documents, records, or information that was used during your review process." (ECF No. 6-3 at 1.) Mr. Vickery explained that "once we've had an opportunity to review the complete terms of the policy, we will be in a position to provide you with a letter that sets forth our position." (*Id*. at 2.) Mr. Vickery also noted "the reasons for the exclusion as explained in your correspondence dated July 31, 2019 are ambiguous and not necessarily applicable." (*Id.*) Finally, Mr. Vickery argued that there was "no evidence to infer" Mr. Fuhrer's death was from a cause not covered by the plan. (*Id.*)

Hartford responded to Mr. Vickery's letter on August 23, 2019, and stated that it would provide a copy of the claim file and noted that "any complete appeal must be submitted to [Hartford] within 60 days of the date of our claim decision." (ECF No. 6-4.) Hartford provided the claim file 6 days later, on August 29, 2019. Mr. Vickery did not submit any additional information, and neither he nor Hartford had any further communication regarding the claim.

On June 1, 2021, Ms. Fuhrer sent an appeal letter to Hartford through new counsel. Hartford denied this appeal, stating "we have determined that your June 1,

3

2021 letter was submitted beyond the specified 60-day appeal period and, because of its late submission, cannot be considered." The denial also noted the claim decision was final because "you did not exhaust your administrative remedies on the Policy and ERISA by filing a timely appeal." (ECF No. 6-7 at 2.) There is no record of any further contact between Hartford and any attorney for Ms. Fuhrer.

### C. Procedural History

On November 16, 2021, Ms. Fuhrer filed a complaint to recover life insurance benefits pursuant to Section 1132 of ERISA. Hartford answered and attached many of the documents that Ms. Fuhrer referenced in her Complaint. On January 31, 2022, Hartford filed a Motion For Judgment On The Pleadings. Pursuant to Local Rule 7.1(c), Ms. Fuhrer's response to Hartford's motion was due by February 14, 2022, but she did not respond or ask for an extension to do so. On February 24, 2022, the Court granted Hartford's motion as unopposed. On March 3, 2022, Ms. Fuhrer filed a Motion For Relief from a Final Judgment Under Federal Rule Of Civil Procedure 60(b), and the Court granted Ms. Fuhrer's motion on March 31, 2022. Ms. Fuhrer responded to Hartford's Motion For Judgment On The Pleadings on April 7, 2022.

## II. LEGAL STANDARD

Courts evaluate a motion for judgment on the pleadings under the same standards as a motion to dismiss under Rule 12(b)(6). *See Wolfington v. Reconstructive Orthapaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019). A court "may not grant the motion unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id*. (quote omitted).

In making that determination, the Court must take facts presented in the pleadings as true and draw all reasonable inferences in favor of the non-moving party. *See id*. The Court may consider only "the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents." *Id*. (quote omitted).

## III. DISCUSSION

### A. Materials Considered

Hartford attached to its Answer several documents that demonstrate the claims history, including Mr. Vickery's letter to Hartford in August 2019, Hartford's response, Ms. Fuhrer's counsel's letter dated June 1, 2021, and Hartford's response. Both Parties rely on those documents in their briefs, so the Court concludes that there is no dispute about their authenticity. In addition, the Court concludes that Ms. Fuhrer bases her claims in part on those documents because she alleges in her Complaint that she "properly and timely appealed" Hartford's denial of benefits and that Hartford "upheld its adverse benefit determination and informed Plaintiffs that no further appeal would be considered." (ECF No. 1 at ¶¶ 25-26.) The documents all relate to that appeal and denial, so the Court can consider them without converting the motion to one for summary judgment.

### B. The AD&D Plan Requires Exhaustion

A plaintiff must exhaust the remedies that an ERISA plan provides before bringing a claim in court to enforce the terms of that plan. *See D'Amico v. CBS Corp.*, 297 F.3d 287, 291 (3d Cir. 2002). The AD&D Plan sets forth an appeal process and

5

states that a claimant "must complete this claim appeal process before [the claimant] file[s] an action in court." (ECF No. 1-7 at 16.) Ms. Fuhrer argues that the AD&D Plan does not require exhaustion because it says that a claimant "may" file an appeal." (ECF No. 15 at 9.) But that argument does not read the AD&D Plan as a whole. The Plan does not require claimants to appeal. They can always accept Hartford's initial decision. But, if they want to challenge Hartford's decision, then the Plaint's requirement that claimants "must" complete the claim appeal process imposes a mandatory requirement. Therefore, Ms. Fuhrer had to exhaust her remedies.

### C.  Hartford's Conduct Did Not Excuse The Exhaustion Requirement

Ms. Fuhrer's initial claim to Hartford was complete on July 29, 2019, when Hartford received the Potter County Coroner's Report. Under both the terms of the AD&D Plan and 29 C.F.R. § 2560.503-1, Hartford had "90 days after receipt of the claim by the plan" to make claims decisions. Hartford did not need that much time, though. It denied Ms. Fuhrer's claim on July 31, 2019, a mere two days after it received the report. So its denial was timely.

Ms. Fuhrer argues that Hartford's denial was too late because it came 99 days after she initially notified Hartford about her claim and that the Court should deem her to have satisfied the AD&D Plan's exhaustion requirement pursuant to 29 C.F.R. § 2560.503-1(1)(1). But the AD&D Plan distinguishes between an initial Notice of Claim and a completed claim. In fact, it gives a claimant 45 days to send all information necessary to adjudicate a claim after the claimant submits a Notice. Hartford's time to make a decision does not begin to run until the claimant submits all necessary

information. The claim file, which Ms. Fuhrer attached to her Complaint, indicates that Ms. Fuhrer was aware of this distinction because, as of May 9, 2019, she was communicating with Hartford about the need to submit additional information to Hartford.

Even if Ms. Fuhrer filed a claim on April 23, 2019, and triggered Hartford's 90-day response period, the Court would not deem her to have exhausted under Section 2560.501-1 because any delay in Hartford's response was *de minimus. De minimus* violations are ones "that do not cause, and are not likely to cause, prejudice or harm to the claimant so long as the plan demonstrates that the violation was for good cause or due to matters beyond the control of the plan and that the violation occurred in the context of an ongoing, good faith exchange of information between the plan and the claimant." 29 C.F.R. § 2560.503-1(l)(2)(ii). Hartford notified Ms. Fuhrer of its determination on July 31, 2019, just two days after receiving the required coroner's report. Ms. Fuhrer has not alleged that the delay caused any prejudice or harm; the Parties were exchanging information required to adjudicate the claim, and the delay was due to the Coroner's "long wait" for the autopsy and toxicology from the State. Thus, even if Hartford's notification was late, the 9-day delay was *de minimus*. And nothing about that delay prevented Ms. Fuhrer from filing a timely appeal.

### D. Ms. Fuhrer Failed To Exhaust Her Administrative Remedies

Once Ms. Fuhrer received Hartford's denial, she had 60 days to file an appeal. But she did not file an appeal until June 1, 2021, almost two years later. That untimely submission did not fulfill her obligation under the AD&D Plan.

7

Ms. Fuhrer argues that Mr. Vickery's letter dated August 13, 2019, qualifies as an appeal. Even construing the letter in the light most favorable to Ms. Fuhrer, however, the Court cannot agree. Under the AD&D Plan, a claimant may request a review of a denial by requesting "a review upon written application." (ECF No. 1-10 at 7.) Mr. Vickery's letter did not make a written application. It did not request a review, nor did it state that it was appealing the claim denial. To the contrary, the letter says, "once we've had an opportunity to review the complete terms of the policy, we will be in a position to provide you with a letter that sets forth our position." (ECF No. 6-3 at 2.) On its face, the letter did not appeal; it asked for information so that Mr. Vickery could prepare an appeal.

### IV.   CONCLUSION

Ms. Fuhrer was required to exhaust administrative remedies before gaining access to the courts. She did not, and her claim therefore fails as matter of law. An appropriate Order follows.

                                        **BY THE COURT:**

                                        */s/ Joshua D. Wolson*
                                        **JOSHUA D. WOLSON, J.**

April 20, 2022